UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 1 8 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

EDMON GASAWAY,  )
  )
      Plaintiff,  )
  )
v.  )  Civil Action No. 10 1979
  )
PRESIDENT BARACK OBAMA, *et al.*,  )
  )
      Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court upon consideration of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff, a federal prisoner, alleges that defendants have deprived him of his human rights in violation of 18 U.S.C. §§ 241 and 242. He demands an award of $20 million as compensation for his unlawful conviction, sentence and incarceration, and the mental and physical hardship, loss of wages, and severed family ties resulting from these events.

The Court dismisses the complaint under 28 U.S.C. 1915A(b)(1) because it fails to state a claim upon which relief can be granted. There is no private right of action under these criminal statutes. *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because,

as criminal statutes, they do not convey a private right of action"); *see also Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005) (rejecting *pro se* plaintiff's assertion that subject matter jurisdiction exists pursuant to criminal statutes). Moreover, plaintiff may be awarded damages in this civil rights action arising from his criminal conviction and resulting confinement only if he first establishes that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied the prerequisite and therefore fails to state a claim.

An Order consistent with this Memorandum Opinion is issued separately.

/s/ Rosemary M. Collyer
United States District Judge

DATE: 12 November 2010